UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN J. SEEFELDT,

        Plaintiff,

v.                                    Case No. 20-cv-238-pp

KILOLO KIJAKAZI,

        Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER §406(b) (DKT. NO. 32)**

---

On April 29, 2022, the court reversed the decision of the Commissioner of Social Security and remanded the case to the Commissioner under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 26. On July 25, 2022, the parties stipulated to an award of attorney's fees in the amount of $6,424 under the Equal Access to Justice Act (EAJA), dkt. no. 30, which the court approved the next day, dkt. no. 31. The plaintiff received a fully favorable decision from the Commissioner on remand, dkt. no. 32 at ¶3, and the March 12, 2023 Notice of Award stated that the Social Security Administration was withholding $15,044.50, which is 25% of the plaintiff's past-due benefits, dkt. no. 32-1 at 2. On May 4, 2023, the plaintiff filed a motion for attorney's fees under §206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Dkt. No. 32. The plaintiff's attorney, Donald Chewning, seeks an award in the amount of $9,044.50. Id. at ¶7. The plaintiff's attorney represents that through email correspondence on May 4, 2023, the

1

Commissioner advised that she takes no position on the plaintiff's motion and defers to the court's sound discretion as to the reasonableness of the fee request. Id. at ¶14.

## I. Legal Standard

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. Section "'406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" Culbertson v. Berryhill, 139 S.Ct. 517, 520 (2019) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. O'Donnell v. Saul, 983 F.3d 950, 952 (7th Cir. 2020) (citing 42 U.S.C. §406(b)(1)). The fees are deducted from the claimant's benefits and do not constitute an award against the government. Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (citing Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)).

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding

that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

On January 29, 2020, the plaintiff signed a contract with Attorney Chewning agreeing to a 25% total fee representation in federal court. Dkt. No. 32-3. The second sentence of the fee contract stated the following:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.

Id. at 1. Although the Notice of Award did not provide a gross total of the plaintiff's past due benefits, it stated that the SSA withheld $15,044.50 from the plaintiff's past-due benefits to pay the plaintiff's lawyer. Dkt. No. 32-1 at 2.

Section 406(b) places two limitations on attorney's fee awards: (1) a cap of 25% and (2) a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff and the plaintiff agreed to pay 25% of the past-due benefits awarded to him. Attorney Chewning explained that in calculating his fee request, he accounted for Attorney Jacqueline Sehloff's (the plaintiff's hearing attorney on remand) petition to the administrative law judge for fees in the amount of $6,000 for her work at the administrative level. Dkt. No. 32 at ¶¶6–7. See Dkt. No. 32-2 (copy of Attorney Jacqueline Sehloff's

December 1, 2022 fee petition).[1] Attorney Chewning states that he "seeks payment of the remainder of the 25% of past due benefits withheld for attorney fees, specifically, $9,044.50 ($15,044.50 less $6,000 for hearing counsel's potential fee.)." Dkt. No. 32 at ¶7.

Attorney Chewning attests that he expended approximately 32.2 hours on this case and that the overall hourly rate of his work was $280.86.[2] Dkt. No. 32 at ¶12. See Dkt. No. 32-4 (Attorney Chewning's time itemization). The court finds that this rate is reasonable for the benefit provided the plaintiff. This court previously has permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate).

Where the plaintiff's attorney receives fees under both the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht,

---

[1] Attorney Chewning informs the court that to his knowledge, Attorney Sehloff's fee petition has not yet been approved, but Attorney Chewning "is proceeding with this motion under the assumption that the fees Attorney Sehloff has requested from the administrative law judge will be approved." Dkt. No. 32 at ¶6. Attorney Chewning states that if Attorney Sehloff's fee request is not approved, then "any amount not paid to Attorney Sehloff will be returned to the Plaintiff and are not sought with this motion." Id.

[2] Technically, Attorney Chewning's itemization indicates that he expended 32.12 hours, which would put his hourly rate at approximately $281.58. Dkt. No. 32-4 at 2. But this distinction is inconsequential.

535 U.S. at 796; O'Donnell, 983 F.3d at 953. Attorney Chewning states that upon payment of the §406(b) fees, he will refund to the plaintiff $6,5424 in acknowledgment of the fee previously awarded under the EAJA. Dkt. No. 32 at ¶13.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b) and **APPROVES** the award of $9,044.50 payable to the plaintiff's attorney by the defendant. Dkt. No. 32.

Upon receipt of the award, the plaintiff's attorney must refund to the plaintiff the $6,424 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 16th day of June, 2023.

                                **BY THE COURT:**

                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**